UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-20282-CIV-MORENO

LAYNE ABREU,

    Plaintiff,

vs.

AMERICANA BURGER CLUB CORP., ENERJUICER, INC., and GUSTAVO SIDELNIK,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendants' motion to dismiss or, in the alternative, motion for summary judgment **(D.E. No. 18)**.

The Defendants argue that dismissal is warranted for four reasons: (1) the Plaintiff cannot state a claim for "individual" liability under the FLSA because the Plaintiff's work did not involve interstate commerce; (2) the Plaintiff cannot maintain a claim against Enerjuicer, Inc. because he was not employed or paid by Enerjuicer, Inc.; (3) the Plaintiff fails to allege sufficient facts to demonstrate that Defendant Sidelnik was her "employer" under the FLSA; and (4) that the Plaintiff cannot maintain a claim for "enterprise" coverage against Americana Burger Club Corp. because the tax returns Americana Burger Club Corp. submitted reflect that its gross sales in 2009 did not exceed $500,000.

First, the Plaintiff concedes that she has not brought a claim for "individual" coverage. The motion to dismiss is accordingly granted to the extent it seeks to dismiss a claim for "individual"

coverage.

Second, although the Plaintiff alleges that Defendant Sidelnik operated Americana Burger Club Corp. and Enerjuicer, Inc. "as one business," unless the Plaintiff actually worked at Enerjuicer, Inc., she cannot maintain a claim against Enerjuicer, Inc. *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("[W]e hold that the enterprise analysis is different from the analysis of who is liable under the FLSA. The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship."). In this case, the Plaintiff does not allege that she worked at Enerjuicer, Inc. or that Enerjuicer, Inc. was responsible for the Plaintiff's day-to-day activities. Accordingly, the motion to dismiss is granted to the extent it seeks to dismiss the Plaintiff's claims against Enerjuicer, Inc.

Third, the issue of whether Defendant Sidelnik was the Plaintiff's "employer" is a factual issue that cannot be resolved at the pleading stage. The Court notes, however, that the declaration submitted by Defendant Sidelnik seems to belie any claim that he was not the Plaintiff's "employer."

Finally, the income tax documents submitted by Americana Burger Club Corp. reflecting that Americana Burger Club Corp. had gross sales less than $500,000 do not conclusively establish that the Defendants are not an "enterprise" for purposes of establishing "enterprise" coverage. As the Plaintiff argues, it may be the case that multiple restaurants controlled by the Defendants collectively constitute an "enterprise" under the FLSA. *See Patel*, 803 F.2d at 636 (recognizing the Congressional purpose behind the FLSA to "lump related activities together so that the annual dollar volume test for coverage would be satisfied."). If so, the Plaintiff can maintain a claim for enterprise coverage. Accordingly, it is ADJUDGED as follows:

1. The motion to dismiss is GRANTED in part and DENIED in part.

2. The Plaintiff's claims against Defendant Enerjuicer, Inc. are DISMISSED.

3. The Plaintiff has stated valid claims for "enterprise" coverage under the FLSA against Defendants Americana Burger Club Corp. and Gustavo Sidelnik.

4. Defendants Americana Burger Club Corp. and Gustavo Sidelnik shall file an answer no later than **August 2, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of July, 2010.

                                                FEDERICO A. MORENO
                                                UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record